**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000368
30-APR-2013
08:16 AM**

NO. CAAP-12-0000368

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


FEDERAL HOME LOAN MORTGAGE CORPORATION, Plaintiff-Appellee, v. SKYE KAPENAOKALANI GRIEP; TAILENE NICHOLETTE GRIEP; JOHN DOE OR JANE DOE; ALL PERSONS RESIDING WITH AND ANY PERSONS CLAIMING BY AND THROUGH OR UNDER THEM, Defendants-Appellants.


APPEAL FROM THE DISTRICT COURT OF THE FIFTH CIRCUIT
(CIVIL NO. RC-11-1-0608)


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Fujise and Ginoza, JJ.)

Defendants-Appellants Skye Kapenaokalani Griep (Appellant Skye) and Tailene Nicholette Griep (Appellant Tailene) (collectively, Appellants) appeal from the post-judgment "Order Denying Defendants' Request For Judicial Notice" and "Findings of Fact, Conclusions of Law and Order Denying Defendants' Request For Judicial Notice," both filed by the District Court of the Fifth Circuit (district court)[1] on April 17, 2012.

Appellant Skye filed an opening brief with this court, but Appellant Tailene did not. On appeal, Appellant Skye contends that the district court erred by: (1) denying Appellant Skye's Motion to Dismiss Complaint pursuant to Hawai'i Rules of

---

[1] The Honorable Edmund D. Acoba presided.

Civil Procedure (HRCP) Rule 12(b)(1), filed on December 27, 2011; and (2) denying Appellant Skye's request for judicial notice of documents that Appellant Skye contends show that the Kingdom of Hawai'i exists as a sovereign state, filed on February 9, 2012.

Upon careful review of the record and the briefs submitted by the parties, having given due consideration to the arguments made and the issues raised, and having considered the relevant case law and authorities, we resolve the appeal as follows:

(1) Appellants did not timely appeal from the Writ of Possession or the Judgment for Possession, both issued on January 24, 2012, and therefore this court lacks appellate jurisdiction to review the district court's denial of Appellant Skye's Motion to Dismiss Complaint pursuant to HRCP Rule 12(b)(1).

(2)  Appellant Skye's second point of error is that the district court should have taken judicial notice of documents which Appellant Skye contends show that the Kingdom of Hawai'i continues as a sovereign state.  Appellant Skye argues that, given these documents and the continued existence of the Kingdom of Hawai'i, the district court lacked subject matter jurisdiction in this case.  As in prior cases, however, the Hawai'i Supreme Court in State v. Kaulia, 128 Hawai'i 479, 291 P.3d 377 (2013) has reaffirmed that State of Hawai'i courts properly maintain jurisdiction, notwithstanding such claims.

> Kaulia appears to argue that he is immune from the court's jurisdiction because of the legitimacy of the Kingdom government.  In that regard, we reaffirm that "[w]hatever may be said regarding the lawfulness" of its origins, "the State of Hawai'i ... is now, a lawful government."  State v. Fergerstrom, 106 Hawai'i 43, 55, 101 P.3d 652, 664 (App.2004), aff'd, 106 Hawai'i 41, 101 P.3d 225 (2004). Individuals claiming to be citizens of the Kingdom and not of the State are not exempt from application of the State's laws. See id. at 55, 101 P.3d at 664; State v. Lorenzo, 77 Hawai'i 219, 883 P.2d 641 (App.1994); State v. French, 77 Hawai'i 222, 883 P.2d 644 (App.1994); Nishitani v. Baker, 82

2

Hawai'i 281, 921 P.2d 1182 (App.1996); <u>State v. Lee</u>, 90
Hawai'i 130, 976 P.2d 444 (1999).

<u>Id.</u> at 487, 291 P.3d at 385.  The supreme court in <u>Kaulia</u> thus rejected the defendant's argument that the lower court should have allowed him to call a witness to present evidence of the existence of the Kingdom of Hawai'i to support a motion to dismiss challenging the court's jurisdiction.  <u>Id.</u> at 482, 487, 291 P.3d at 380, 385.

Therefore,

IT IS HEREBY ORDERED that the "Order Denying Defendants' Request For Judicial Notice" and "Findings of Fact, Conclusions of Law and Order Denying Defendants' Request For Judicial Notice," both filed by the District Court of the Fifth Circuit on April 17, 2012, are affirmed.

DATED:  Honolulu, Hawai'i, April 30, 2013.

On the briefs:

Skye Kapenaokalani Griep
Defendant-Appellant Pro Se

Robert E. Chapman
Reginald K.T. Yee
(Clay Chapman Iwamura
   Pulice & Nervell)
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge